United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Evanston Insurance Company, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-21116-Civ-Scola |
| Poma Construction Corp., and 4000 | ) | |
| Island Boulevard Condominium | ) | |
| Association, Inc., Defendants. | ) | |

## Order Granting Joint Motion for Administrative Termination and Staying and Administratively Closing Case

Before the Court is the parties' joint motion for administrative termination (the "Motion," ECF No. 30), which requests the Court to "administratively terminate[]" this action for at least six months pending ongoing settlement discussions in a related action pending in Florida state court.

Plaintiff filed this action seeking "to obtain [a] declaratory judgment finding that it has no duty to defend or indemnify [Defendant Poma Construction Corp. ("Poma")] in connection with a lawsuit filed by [Defendant 4000 Island Boulevard Condominium Association, Inc.] against Poma in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida." (ECF No. 1, ¶ 9.) Both Defendants answered the Complaint, with Poma also asserting two counterclaims against Plaintiff. (ECF Nos. 9, 17.) The parties previously notified the Court of an ongoing global mediation that began in March 2018, and stated that they intended to "file a Mediation Report upon the formal conclusion of the mediation." (ECF No. 27.) No mediation report has been filed to date, and the Court assumes mediation remains ongoing.

On that note, the Motion represents that "progress has been made towards settlement of the Underlying Lawsuit," that "there is a reasonable possibility that the Underlying Lawsuit will settle," and that any such settlement "will most likely resolve all of the issues in this action." (ECF No. 30, at 2.) Thus, the parties request that the case be administratively terminated for at least six months "to provide an ample opportunity for complete settlement of the related Lawsuit and subsequently this action." *Id.*

"District courts have broad discretion in deciding whether to stay proceedings, incidental to their powers to control and efficiently manage their dockets." *Prosper v. Martin*, 239 G. Supp. 3d 1347, 1349 (S.D. Fla. 2017)

(Altonaga, J.). "Courts consider the relative prejudice and hardship 'worked on each party if a stay is or is not granted,' and general efficiency." *Jones v. Centra Loan Admin. & Reporting*, No. 16-22428-Civ, 2016 WL 4530882, at *1 (S.D. Fla. Aug. 30, 2016) (Scola, J.) (quoting *Fitzer v. Am. Inst. of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010)). Further, "so long as a stay is neither 'immoderate' nor indefinite, a stay is appropriate in the interest of judicial convenience." *Id.* (quoting *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided that a stay will expire within reasonable limits, if it is not immoderate)). And "[d]esignating a case 'closed' does not prevent the court from reactivating a case either of its own accord or at the request of the parties." *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) (citing *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999)).

Here, the Court interprets the request for "administrative termination" as a request for a stay. The Motion was jointly filed by all parties and no prejudice will result from the entry of a stay. A stay will promote judicial economy and the convenience of the parties, as it may result in the avoidance of time and resources being unnecessarily expended on litigating a case that may well be resolved by a settlement of the state court action. While the parties' request for a stay of "at least" six months is indefinite, the Court finds a stay of six-months to be appropriate and not immoderate.

Accordingly, the Court **grants** the Joint Motion for Administrative Termination (ECF No. 30), and **stays** this case. The stay will remain in effect until a party moves to reopen this case, the Court is notified of a settlement of this case, or 180 days after the date of this order, whichever occurs first. During the stay, the parties must jointly file a report notifying the Court of the progress made towards a settlement of this case every 90 days following the date of this order.

The Clerk is directed to **administratively close** this case. All pending motions, if any, are **denied without prejudice** and may be refiled once the case is reopened.

**Done** and **ordered** in chambers at Miami, Florida, on September 7, 2018.

_____
Robert N. Scola, Jr.
United States District Judge